Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina
Greensboro Division


FILED IN THIS OFFICE
JAN 1 2 2026
Clerk U.S. District Court
Greensboro, NC
BY ___

Brian Turner
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

William Brennan, Jeffrey Shelton,
Jeff Reese, Dylan Reese, John Doe, Rebecca Pxon
_____
Defendant(s) See attached
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:26cv31
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name             Brian Turner
   Street Address   604 Wood St
   City and County  Gibsonville  Alamance County
   State and Zip Code  NC  27249
   Telephone Number  (984) 215-1015
   E-mail Address   bsturner899@gmail.com

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant Town of Gibsonville, North Carolina
Municipal cooporation

Reberca Dixon
Assitant police Chief, Gibsonville police
Sued in her individual and official capacity

Jeffrey Shelton
Police officer, Gibsonville police Department
Sued in his individual and official capacity

William B Ferran
Police officer, Gibsonville police Department
Sued in his individual and official capacity

pg 1 of 5
Attach

Defendant No. 1
- Name: Jeff Reese
- Job or Title (if known):
- Street Address: 623 Wood St
- City and County: Gibsonville   Alamance
- State and Zip Code: NC   27249
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Dylan Reese
- Job or Title (if known):
- Street Address: 623 Wood St
- City and County: Gibsonville   Alamance
- State and Zip Code: North Carolina   27249
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: John Doe
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name: Rebecca Dixon
- Job or Title (if known): Assistant Chief
- Street Address: 129 W Main Street
- City and County: Gibsonville   Alamance County
- State and Zip Code: NC   27249
- Telephone Number: (336) 449-0678
- E-mail Address (if known):

Case 1:26-cv-00031-LAF-LPA    Document 2    Filed 01/12/26    Page 3 of 9

William Brennan
police officer
129 W Main Street
Gibsonville Alamance county
NC 27249
(336) 449-0678


Jeffrey Shelton
police officer Sgt
129 W Main Street
Gibsonville Alamance county
NC 27249
(336) 449-0678

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question       [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
       and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b.  If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
   Or is incorporated under the laws of *(foreign nation)* _____,
   and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## SECTION III — STATEMENT OF CLAIM (FINAL, PRINT-READY VERSION)

On or about August 7, 2022, Plaintiff Brian Turner was seized and arrested by Officer William Brennan of the Gibsonville Police Department without probable cause. Officer Brennan falsely claimed that he had been lawfully dispatched to Plaintiff's residence and fabricated events to create the appearance of lawful authority and justification for the arrest.

After Plaintiff had already been seized and detained, Defendant Jeffrey Shelton, a supervisory officer with the Gibsonville Police Department and the direct supervisor of Officer Brennan, arrived on the scene. Despite the absence of a lawful dispatch and probable cause, Shelton failed to intervene or correct the unlawful seizure. Shelton instead assisted in preserving and supporting the false narrative used to justify Plaintiff's arrest. Shelton later provided testimony in district court proceedings and again during appeal proceedings in further support of that narrative.

Defendants Jeff Reese, Dylan Reese, and another individual did not appear at the time of the arrest and did not participate in any district court proceedings. They first became involved only during the appeal proceedings, where they provided multiple materially false statements and allegations concerning Plaintiff's conduct. These statements included, but were not limited to, claims that Plaintiff engaged in a prolonged physical struggle with Officer Brennan and other conduct that did not occur. These false statements were offered to justify the arrest, to support the continued prosecution, and to preserve a false narrative after the lack of a lawful basis for the arrest had become apparent. These appeal-stage statements were introduced only after the original accusations of obstruction and assault, and the asserted lawful dispatch, could no longer be relied upon.

Assistant Police Chief Rebecca Dixon was aware of the absence of a lawful dispatch and of the false narrative being used to justify Plaintiff's arrest and prosecution. During the proceedings, including the appeal proceedings, a video recording was introduced and played in court depicting Dixon interacting with Jeff Reese in a manner that encouraged or influenced the provision of statements in support of Officer Brennan. Despite this, Dixon failed to intervene, correct the false narrative, or prevent the continued use of fabricated allegations in judicial proceedings.

The Town of Gibsonville, through its police department and supervisory officials, permitted and ratified these actions by failing to discipline involved officers, by allowing false statements to be relied upon in judicial proceedings, and by maintaining practices, customs, or policies that resulted in the violation of Plaintiff's constitutional rights.

As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, financial harm, and deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution.

pg 4 of 5

## RELIEF REQUESTED

Plaintiff seeks compensatory damages for loss of liberty, emotional distress, and financial harm; punitive damages against the individual defendants; declaratory relief that Defendants violated Plaintiff's constitutional rights; injunctive relief preventing further unconstitutional conduct; costs of this action; and such other relief as the Court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: *Brig Tun*

Printed Name of Plaintiff: Brian Turn

### B. For Attorneys

Date of signing: 1/12/26

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____